FILED
SUPERIOR COURT
OF GUAM

2019 JUN 18 PM 12: 48

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0375-18 |
| vs. | |
| MAX MYONGKI AHN, *aka Myong Ki An*, *aka Muong Ahn*, DOB: 05/21/1958 | DECISION AND ORDER (Defendant's Motion to Reconsider) |
| DEFENDANT. | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Defendant Max Myongki Ahn's ("Ahn") Motion to Reconsider the Court's March 20, 2019 Decision and Order. Attorney Clyde Lemons Jr. represents Ahn. Attorney Matthew A. Phelps represents the People of Guam. A Motion Hearing was held on May 14, 2019, and the Court subsequently took this matter under advisement. Upon review of the oral and written arguments, and legal authorities, presented by the Parties, the Court hereby **DENIES** Ahn's Motion to Reconsider.

### BACKGROUND

On or about June 5, 2018, a drug detection canine alerted to a package while inspecting United States Postal Service parcels. Collins Decl. Supp. Magistrate's Compl. at 1 (Jun. 15, 2018). The package was sent to Guam from the mainland and was allegedly addressed to an individual named "Jack Cruz." *Id.* Federal law enforcement agents then secured a federal search warrant to open the package. *Id.* The agents discovered chemical drug test kits and eleven (11) vials in commercial packaging indicating they contained tetrahydrocannabinol ("THC"). *Id.*

Further investigation indicated that the package was addressed to a commercial establishment in Upper Tumon, Guam, known as "Max's Smoke Shop / Gallop U.S.A" (the "smoke shop"). *Id.* The agents further discovered that the proprietor of the smoke shop, Ahn, was previously convicted in federal court for crimes related to the distribution of the drug "spice." *Id.* After a local search warrant was obtained, the illegal contents of the package were removed and replaced with items designed to simulate the suspected illegal contents. *Id.* The agents also marked the simulated items with liquid that is invisible to the naked eye but detectable with special lighting. *Id.* An electronic device was also placed in the package. *Id.*

On June 13, 2018, law enforcement entities conducted a controlled delivery of the package by undercover officers. *Id.* Ahn was the only individual present at the smoke shop when the package was delivered. *Id.* Upon delivery, Ahn also allegedly told the undercover officers that the individual named on the package was an employee of the shop. *Id.* Officers waited until the electronic device in the package indicated that the package had been opened before entering the smoke shop. *Id.* On entering, the officers used a device emitting the required special lighting to determine that Ahn had the liquid from the package on his hands, indicating that he had handled the simulated items. *Id.*

A further local search warrant was obtained to search the smoke shop premises. *Id.* Within the establishment, Officers discovered suspected "spice," digital scales, plastic baggies and additional U.S.P.S. packaging materials purportedly sent from the same address as the intercepted package, and addressed to the same Jack Cruz. *Id.* Ahn was then arrested. *Id.*

On June 25, 2018, a Superior Court of Guam Grand Jury returned an Indictment charging Ahn with **Two Counts** of **CONSPIRACY TO IMPORT A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony), Two Counts** of **IMPORTATION OF A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony), CONSPIRACY TO POSSESS WITH INTENT TO DELIVER A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony),** and **POSSESSION OF A SCHEDULE I CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony).**

After Ahn asserted his right to speedy trial, the People requested that items seized from the smoke shop be subjected to laboratory testing. People's Mot. Find Good Cause Continuation of Trial Date at 2 (Aug. 17, 2018). Guam Crime Lab personnel indicated that the evidence was released to Guam Customs and Quarantine personnel to mail to the Drug Enforcement Administration to perform the laboratory testing. *Id.*

Subsequently, on August 17, 2018, the People filed the Motion to Find Good Cause for Continuation of the Trial Date. Ahn filed an Opposition to the Motion on August 24, 2018. On September 4, 2018, the Court issued a Decision and Order granting the People's Motion to continue the trial pending laboratory testing.

On October 29, 2018, the Supreme Court of Guam issued an Order which directed this Court to vacate its previous decision to continue the trial. Supreme Court Order (Oct. 29, 2018) The Supreme Court Order further directed this Court to dismiss all charges pending against Ahn. *Id.* The Supreme Court left this Court to determine whether to dismiss the indictment with or without prejudice. *Id.*

On December 20, 2019, the Court issued a Decision and Order addressing the issue of dismissal. In deciding whether dismissal based upon a violation of Guam's speedy trial statute should be with or without prejudice, the Court looked to balancing test provided in the federal Speedy Trial Act. Such standard had previously been adopted by the Guam Supreme Court in cases involving violations of Guam's prompt arraignment statute. *People v. Aromin*, 2014 Guam 3 ¶ 21. This Court held that the same test was appropriate in cases where Guam's speedy trial statute was violated. The Court then applied the *Aromin* factors and concluded that this case was to be dismissed *without* prejudice.

On March 29, 2019, Ahn filed a Motion to Reconsider the Court's Decision and Order entered March 20, 2019. The People filed an Opposition on April 4, 2019. Ahn filed a Reply on April 12, 2019. A Motion Hearing was held on May 14, 2019, and the Court subsequently took this matter under advisement.

## DISCUSSION

A motion for reconsideration brought under Rule 1.1(d) of the Local Rules of the Superior Court of Guam is appropriate on the grounds of (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or (3) a manifest showing of a failure to consider material facts presented to the Court before such decision. Although this rule allows the Court to reconsider and amend a previous order, it is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Ahn argues that reconsideration is appropriate on the grounds that the Court failed to apply the correct legal standards, as the Court applied the federal Speedy Trial Act factors when deciding whether to dismiss with or without prejudice. Mot. to Recons. at 2 (Mar. 29, 2019). Ahn argues that the Court failed to take into account what the Supreme Court decided in its October 15, 2018 Order. *Id.*

Two days following the Court's Decision and Order on this matter, the Supreme Court of Guam issued an opinion in the case of *People v. Corpuz*, 2019 Guam 1. In *Corpuz*, the Supreme Court held that "in cases involving the violation of a defendant's statutory right to speedy trial under 8 GCA § 80.60, trial courts must apply the federal Speedy Trial Act factors when deciding whether to dismiss with or without prejudice." *Id.* at ¶ 20. Notably, the Supreme Court affirmed a dismissal *without* prejudice even though the People had conceded that there was no good cause to justify the violation of the defendant's speedy trial rights. *Id.* at ¶¶ 17, 29. The Supreme Court of Guam has therefore affirmed trial courts' application of the federal Speedy Trial Act balancing test in cases such as this one, and held that a lack of good cause leading to dismissal is not dispositive of whether a dismissal should be with or without prejudice.

The People pointed to the *Corpuz* decision in their Opposition brief, stating that *Corpuz* "expressly rejected Ahn's argument (that *Aromin* does not apply to Speedy Trial violations)." Opp'n at 2. Ahn then filed a Reply brief which made no attempt to differentiate the present case from *Corpuz,* and in fact failed to mention the *Corpuz* decision at all. Ahn instead reiterated the points already made in his initial motion, specifically that the Court ignored language from the Supreme Court's October 15, 2018 Order.

The crux of Ahn's argument is that the Court failed to "consider any of the factors the Supreme Court stated would constitute good cause as contemplated under Guam's speedy trial statute." Mot. to Reconsider at 4. As stated by the Guam Supreme Court, an absence of good cause requires dismissal when a defendant is not brought to trial within the time limit mandated by Guam's speedy trial statute. Supreme Court Order at 6. Good cause is not, however, a factor to be considered when deciding whether such dismissal must be with or without prejudice. Instead, trial courts are to apply the federal Speedy Trial Act factors for this purpose, which are "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of justice." *Corpuz* at ¶ 21. While Ahn emphasizes the lack of good cause for the delay in his trial, the *Corpuz* decision affirmed the dismissal *without* prejudice of a case in which the People conceded that there was no good cause for the delay in trial. *Id.* at ¶¶ 17, 29. Taking into account Ahn's failure to differentiate his case from *Corpuz,* the Court finds that it was correct in applying the federal Speedy Trial Act factors in its previous Decision and Order.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Ahn's Motion for Reconsideration.

**SO ORDERED** 6/18/19.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG, Lujan & Wolff

Date: 6/18/19 Time: 12:50pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CF0375-18 People v. Max Myongki Ahn
DECISION AND ORDER (Motion to Reconsider)